No. 20,477.

GILBERT JOHNSON, *Appellant,* v. THE MENNONITE MUTUAL FIRE INSURANCE COMPANY OF NEWTON, *Appellee.*

OPINION DENYING A REHEARING.

HEADNOTE BY THE REPORTER.

The original decision in this case (*Johnson v. Insurance Co.,* ante, p. 53, 163 Pac. 1074), holding that the minds of the parties never met, and that no contract of insurance was entered into, is adhered to.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion denying a rehearing and modifying former opinion filed May 12, 1917. (For former opinion of affirmance see *ante,* p. 53, 163 Pac. 1074.)

*Howard J. Hodgson,* of Eureka, for the appellant.

*J. C. Culver,* of Yates Center, and *W. S. Marlin,* of Eureka, for the appellee.

The opinion of the court was delivered by

WEST, J.: In his petition for rehearing counsel for the plaintiff insists that the former decision was wrong in holding that the minds of the parties did not meet. From plaintiff's abstract, however, it appears that—

"The agreement between Mr. Young was that Mr. Young would give me a policy without any vacant permit. . . . I told him if he would make it as he agreed to, then it would be all right but under those terms I did not want it. I understood if I was blown away after the vacant permit was out that the policy was no good."

The secretary testified that after the loss, when the plaintiff came to the office and introduced himself,

"He admitted that he never had paid anything and that he did not want the policy under those conditions, on account of the vacant permit—that he wanted a policy that would be in force even if the building was vacant and of course we had told him before in a letter and told him at that time that we could not issue such a policy, but that we could issue vacancy permits for a certain time."

The clerk testified that the plaintiff said he did not pay the first cash payment and that the reason was, "that he did not want that kind of a policy and that he did not want to bother with vacant permits."

The plaintiff testified:

"Q. When you and Mr. Young were talking there at the livery barn did you make any request then for a vacancy permit on this policy? A. He told me that he would write me a policy without any vacancy permit.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Q. You did not ask him for a vacancy permit at that time to be placed on this policy? A. No, sir; I asked him to insure my house without any vacant permit, that is when he told me."

While the plaintiff was a little inaccurate in his references to the matter of vacancy clause it is clear that he wanted a policy without one in it and that the company refused to issue the kind he wanted; hence it follows, as the night the day, that the minds of the parties did not meet.

We thank counsel for calling our attention to the question of vacancy at the time the property was destroyed. It seems that

the plaintiff had two sons-in-law, and an examination of his testimony in relation to when each was in the property had led to the conclusion that the jury meant by their answer that it had been occupied at a time thirty days before the fire, but counsel seems to be right that they meant it was occupied during the thirty days preceding the fire. This would have simplified the matter had the policy been in force even without resort to section 5362 of the General Statutes of 1915, rendering the vacancy clause void if the property were occupied at the time of the loss.

The former decision—that portion touching vacancy when the loss occurred being withdrawn—is adhered to.